UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>TRIMBCO, INC. dba. SHARP PRECISION MANUFACTURING,<br><br>            Defendants.<br>_____ | Case No.: 06-6141 PVT<br><br>**ORDER GRANTING PLAINTIFF EEOC'S MOTION FOR DEFAULT JUDGMENT** |

**INTRODUCTION**

The Equal Employment Opportunity Commission (hereinafter EEOC) filed a complaint against Trimbco, Inc. dba Sharp Precision Manufacturing (hereinafter Trimbco), alleging Trimbco subjected Anna Valdez McAllister and a class of individuals (collectively claimants) to a hostile work environment based on sex and/or national origin.[1]  On July, 24, 2008, the court ordered Trimbco to inform the court of its new counsel no later than August 25, 2008.  Trimbco failed to comply and EEOC later filed a motion for default judgment.  On December 21, 2008, the EEOC served Trimbco with the motion for default.  Defendant Trimbco did not oppose or otherwise

---

[1] All parties have consented to the jurisdiction of a U.S. Magistrate Judge.

respond to the motion. On February 3, 2008, EEOC appeared for hearing. Trimbco did not appear. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the court grants EEOC's motion for default judgment.[2]

## BACKGROUND

On September 29, 2006, plaintiff EEOC, on behalf of Anna Valdez McAllister and a class of similarly situated employees, filed a complaint alleging defendant Trimbco subjected claimants to a hostile work environment based on sex (female) and/or national origin (Hispanic). EEOC filed an action under Section 706 of Title VII of the Civil Rights Act of 1964. On June 27, 2008, Trimbco's counsel, Sweeney, Mason, Wilson & Bosomworth, filed a Motion to Withdraw as Attorney of Record. The Court granted the motion on July 24, 2008 and further ordered Trimbco to inform the court of its newly engaged counsel no later than August 25, 2008. Trimbco failed to comply with the order. Subsequently, EEOC moved this Court for a default judgment against Trimbco pursuant to Federal Rule of Civil Procedure 55(b) based on its failure as a corporation to retain counsel.

In support of its motion, plaintiff EEOC filed six declarations from the claimants detailing Trimbco's alleged unlawful behavior as follows:

*1. Liliana Aranda*

Chuck Trimble, the owner and CEO of Trimbco, called Ms. Aranda a "bitch" on numerous occasions and also made disparaging remarks about her national origin (Mexican). He remarked, "You beaners are all the same." Trimble also physically intimidated Ms. Aranda by throwing documents at her, raising his voice, and looking her body up and down. When personnel from human resources gave her permission to go home because her toddler had become seriously ill, Trimble yelled at Ms. Aranda saying, "See, this is what I get for hiring bitches!" As a result, Ms. Aranda suffered from depression and stress-induced migraine headaches. Her family life deteriorated as she took her stress out on her husband and children.

*2. Debra Garza*

Trimble would flirt with Ms. Garza and comment about how her clothes fit. When she

---

[2] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

did not return his flirtation, Trimble began calling her a "fucking idiot" or "fucking bitch." Trimble verbally berated Ms. Garza in front of her coworkers, customers, and suppliers. Trimble made comments about people of Hispanic heritage to Ms. Garza, including "Cinco de Mayo is coming, you know how these Mexicans get" and he made further derogatory remarks about "beaners." Ms. Garza woke up in a bad mood every morning, she stressed about the ridicule, she did not sleep well, she vomited, and she developed irritable bowel syndrome. Also, she lost contact with her friends.

3. *Laura Jennings*

Trimble would flirt with Ms. Jennings in front of coworkers, causing her great embarrassment. He repeatedly told Ms. Jennings that her office and her perfume smelled "like lingerie." She was forced to pay for Trimble's escort services in her professional capacity. Trimble begged Ms. Jennings to live with him. He also sent her two emails requesting that she live with him and informing her that they would be magic in bed. Ms. Jennings told Ken Valencia, the general manager, about receiving the emails and he told her that she should go out with Trimble. Trimble's actions at work affected her relationship at home with her husband. Ms. Jennings dreaded going to work because she felt completely objectified. She felt like Trimble's sex toy, leading to a general distrust of men, extreme stress and anxiety.

4. *Leilani Martinez*

Ms. Martinez observed Trimble's behavior toward women in the office. She too, was treated poorly throughout her employment at Trimbco. Trimble forced her to work up until the day she delivered her child and then required her to return to work on a Saturday, three days after giving birth. Trimble remarked to other employees that, "the baby is sucking her brains out." Trimble called Ms. Martinez "stupid" and repeatedly told her that she was incompetent. Trimble threw objects in front of Ms. Martinez and made her work overtime and weekends without compensation. Often she cried uncontrollably at work. As a result, Ms. Martinez suffered from diminished self esteem and became anxious and jittery. She also experienced physical problems such as an irritable bowel and vomiting.

5. *Anna McAllister*

Trimble bombarded Ms. McAllister with derogatory and sexist remarks. He called her

1  names, including "bitch," "ho," "truck stop ho," and called her breasts "jugs" and "tits." In
2  addition, Trimble used derogatory names regarding Hispanics, such as "wetback," "beaner," "stupid
3  Mexican," and "fucking lazy Mexican." Trimble even offered Ms. McAllister to clients to perform
4  sexual favors. She informed Trimble she did not appreciate his harassing and insulting conduct, but
5  he did not stop. He told others such as Ms. Aranda that Ms. McAllister looked like a "ho" in some
6  outfits. Trimble's comments caused Ms. McAllister to cry and suffer from low self-esteem. The
7  environment at work affected her personal life and changed relationships at home with her kids. She
8  suffered severe stress and anxiety.

   6. *Melinda Safford*

10  Trimble called Ms. Safford names such as "fucker," "stupid fucker," "bitch," and
11  "fucking moron." He yelled and pointed his finger in her face. Trimble taunted Ms. Safford if she
12  started crying. He said, "I can't help it if you're a woman." Trimble also called her "Chuck's bitch"
13  and referred to her menstrual cycle. Trimble made her work late hours, sometimes more than 17
14  hours and complete the assignments her male coworkers did not finish. Trimble called her a
15  "Wagon Burner" when he found out about her Native American heritage. Trimble's conduct and the
16  demeaning work environment at Trimbco caused Ms. Safford to cry at least three days a week after
17  work. She also suffered from lack of sleep, substantial weight gain, frequent vomiting and
18  depression.

19  **DISCUSSION**
20  **A. Default Judgment**
21  When a party against whom a judgment for affirmative relief is sought "has failed to plead or
22  otherwise defend, and that failure is shown by affidavit or otherwise, "the court must enter the
23  party's default." Fed. R. Civ. Proc. 55(a). A corporation may only appear in court through a
24  licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993) *(citing Osborn v.*
25  *President of Bank of United States*, 22 U.S. 738 (1824)); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th
26  Cir. 1988). A federal district court may enter default judgment against a corporation for failure to
27  retain counsel to represent it. *United States v. High Country Broadcasting Co.*, F.3d 1244, 1245 (9th
28  Cir. 1993). The factors the court may consider in ruling on a motion to enter default include: the

substantive merits of plaintiff's claim; sufficiency of the complaint; the amount of money at stake; the possibility of prejudice to plaintiff if relief is denied; the possibility of dispute as to any material facts in the case; whether default resulted from excusable neglect; and the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Trimbco failed to defend itself against this action by refusing to abide by the court's July 24, 2008 order to obtain counsel. Indeed, since the withdrawal of counsel, Trimbco has not appeared whatsoever. The court finds that EEOC has met the factors to support the entry of default judgment. First, EEOC has established that prejudice to the Claimants would occur if default judgment was not entered by the court. Because Trimbco failed to participate in these proceedings, the Claimants' only recourse for the emotional distress caused by the hostile work environment at Trimbco is the court's entry of default judgment.

Second, under Title VII of the 1964 Civil Rights Act, EEOC's claims are meritorious. EEOC filed this action on behalf of a class of aggrieved applicants as deemed appropriate by *General Telephone Co. of the Northwest v. E.E.O.C.*, 46 U.S. 318, 324 (1980). Furthermore, EEOC stated a claim upon which relief can be granted. Title VII makes it unlawful for an employer to discriminate against an individual with respect to her conditions or privileges of employment on the basis of sex and/or national origin. EEOC's complaint alleges a pattern of abuse and numerous instances of sexual harassment and national origin harassment which created an offensive, abusive, intimidating, and hostile environment. Said allegations deprived the Claimants of equal employment opportunities. Moreover, upon entry of default, the complaint's factual allegations regarding liability are taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, there are no factual disputes before the court.

Third, Trimbco has not shown excusable neglect. On July 29, 2008, former counsel served Trimbco via email and mail with the order requiring it to obtain alternate counsel. The court stayed the action for 30 days for Trimbco to obtain alternate counsel. Trimbco, however, failed to comply with the court order, failed to hire an attorney, and failed to communicate with the court to demonstrate any effort whatsoever to engage counsel. In addition, EEOC served all of the

documents related to the motion for default judgment to Trimbco's last known business address as well as to Chuck Trimble on December 21, 2008. Pursuant to EEOC's declaration, Trimbco continues to conduct business in the area and therefore has no basis for failing to comply with this Court's order (Declaration of Marcia L. Mitchell ¶ 4-5).

Fourth, public policy will not be harmed by granting EEOC's motion for default judgment. Although the Federal Rules of Civil Procedure favor a ruling on the merits, such a decision cannot be made in this instance. Trimbco has failed to hire alternate counsel and has made no effort to demonstrate excusable neglect. As such, the facts alleged are uncontested. Therefore, default judgment is appropriate here.

**B. Remedies**

Damages under Title VII may be recovered from a respondent who engaged in unlawful, intentional discrimination in the form of compensatory and punitive damages. 42 U.S.C. 1981a(a)(1). In addition, monetary as well as injunctive relief strive to make whole the persons injured by discriminatory conduct and to restore them as fully as possible to the position they otherwise would have been absent discrimination. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 763-64 (1976).

*1. Compensatory Damages*

Compensatory Damages may be awarded for the following injuries suffered by the Claimants: "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. 1981a(b)(3). A victim's testimony alone is a sufficient basis on which to award compensatory damages for emotional pain and suffering. *Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985). The statutory cap for compensatory and punitive damages is $50,000.00 per claimant for an employer with 15 to 100 employees. 42 U.S.C. 1981a(b)(3)(A).

Accordingly, the court approves the Claimants' request for compensatory damages for the emotional distress, pain, and suffering caused by Trimbco's discriminatory conduct. By declaration, each Claimant has provided evidence of her severe emotional distress. Accordingly, the court shall award each of the Claimants compensatory damages.

2. *Punitive Damages*

Under Title VII, punitive damages may be recovered for cases involving intentional discrimination where the complaining party demonstrates that Defendant engaged in egregious discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. *Kolstad v. American Dental Assoc.*, 527 U.S. 526 (1999); 42 U.S.C. 1981a(b)(1).

Based on the evidence presented, the court finds claimants have met this standard. EEOC has demonstrated that Trimbco's owner, Chuck Trimble, engaged in a constant stream of abusive statements and behavior toward the Claimants which was intentional, malicious, and willfully disregarded their rights to be free from discrimination based on sex and/or national origin. Accordingly, the court approves an award of compensatory and punitive damages in the amount of $50,000.00 per claimant, totaling $300,000.00.

*3. Injunctive Relief*

The court may grant equitable relief to effectuate the purposes of Title VII 42 U.S.C. 2000e-5(g). The Supreme Court recognized "Congress' purpose in vesting a variety of 'discretionary' powers in the court was...to make possible the 'fashioning of the most complete relief possible.'" *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975).

In an effort to prevent Trimbco from engaging in further harassment and discrimination, the Court orders injunctive relief as requested by EEOC: (1) enjoining Trimbco, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment based on sex and/or national origin; and (2) ordering Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees and which eradicate the effects of its past and present unlawful employment practice.

**CONCLUSION**

For the foregoing reasons, based on the unopposed motion, the briefs and supporting documents submitted, and having heard the arguments of counsel,

IT IS HEREBY ORDERED that:

1. The U.S. Equal Employment Opportunity Commission's Motion for Default Judgment is

granted;

2. Defendant shall pay to Liliana Aranda compensatory and punitive damages in the amount of $50,000.00 (fifty-thousand dollars and no cents);

3. Defendant shall pay to Debra Garza compensatory and punitive damages in the amount of $50,000.00 (fifty-thousand dollars and no cents);

4. Defendant shall pay to Laura Jennings compensatory and punitive damages in the amount of $50,000.00 (fifty-thousand dollars and no cents);

5. Defendant shall pay to Leilani Martinez compensatory and punitive damages in the amount of $50,000.00 (fifty-thousand dollars and no cents);

6. Defendant shall pay to Anna McAllister compensatory and punitive damages in the amount of $50,000.00 (fifty-thousand dollars and no cents);

7. Defendant shall pay to Melinda Safford compensatory and punitive damages in the amount of $50,000.00 (fifty-thousand dollars and no cents);

8. The total judgment for all claimants specified above shall total $300,000.00 (three hundred thousand dollars and no cents);

9. Plaintiff shall serve this order and the judgment no later than 30 days from the date of this order and defendant shall pay the above-specified amounts no later than 30 days after service of the order and judgment;

10. Defendant, its officers, successors and assigns and all persons in active concert or participation with them is hereby ENJOINED from engaging in harassment based on sex and/or national origin and any other employment practice which discriminates on the basis of sex and/or national origin.

11. Defendant is hereby ORDERED to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees and which

eradicate the effects of its past and present unlawful employment practices.

IT IS SO ORDERED.

Dated: March 17, 2009

PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28